## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIN E. STERN,
                Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
NY-1221-21-0160-W-1

DATE: August 10, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Erin E. Stern, Baker, Florida, pro se.

Justina L. Lillis, Esquire, Buffalo, New York, for the agency.

Shelly S. Glenn, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appellant's Individual Right of Action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant is a Military Services Coordinator (MSC) employed by the agency's Buffalo Regional Office in Buffalo, New York, who previously performed duties at Fort Drum, New York, a U.S. Army (Army) installation. Initial Appeal File (IAF), Tab 12 at 4-5. The appellant's duties are to work with Army personnel to timely develop Integrated Disability Evaluation System compensation claims for service members transitioning to civilian life. *Id.* at 10.

¶3    In a prior IRA appeal, the appellant alleged that the agency took certain personnel actions—including ordering her to work from home, denying her tools and permissions necessary to perform her MSC duties, requiring her to perform duties of another position, and proposing her removal—because of her protected disclosures and activity. *Stern v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-19-0193-W-1, Initial Appeal File (0193 IAF), Tab 103, Initial Decision (0193 ID) at 8-10. In an April 14, 2020 initial decision, the administrative judge found that the appellant made a prima facie case of whistleblower reprisal and that, with the exception of the proposed removal, the agency proved by clear and convincing evidence that it would have taken the same actions absent the appellant's protected disclosures or activity. *Id.* at 11-22. The administrative judge found that the agency failed to meet its burden of proof with respect to the notice of proposed removal, and she ordered corrective action as to that personnel action. *Id.* at 23-32. The initial decision became the final decision of the Board when neither party petitioned the Board for review. 5 C.F.R. § 1201.113.

¶4    On December 8, 2020, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that, in retaliation for various protected

disclosures and activity, the agency denied her MSC duties beginning when she was nominally reinstated to her MSC position on February 4, 2020. IAF, Tab 11 at 100-03. The appellant also alleged that, in retaliation for protected disclosures to the Board and to Congress and in violation of 38 U.S.C. § 731, the agency failed to discipline the supervisors who were found to have committed a prohibited personnel practice in her prior IRA appeal.[2] *Id.* at 103-05. After OSC issued its close-out letter, IAF, Tab 12 at 8-9, 20-24, the appellant filed a timely appeal with the Board, IAF, Tab 1. The appellant stated in her appeal that she did not want a hearing. *Id.* at 2.

¶5          In a show cause order, the administrative judge notified the appellant of her burden to establish the Board's jurisdiction over her appeal, described the applicable legal standards, and ordered the appellant to file a statement to facilitate a determination of whether jurisdiction existed. IAF, Tab 4. The appellant filed evidence and argument in support of jurisdiction in response. IAF, Tabs 11-16. In an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction on the grounds that the three protected disclosures which the appellant identified in her response to the show cause order—the appellant's December 8, 2020 OSC complaint; July 2, 2020 emails the appellant sent to Congress and various agency personnel, including an official at the agency's Office of Inspector General (OIG); and a November 12, 2020 email to Congress—were made after February 2020, and therefore could not have possibly

---

[2] The appellant also asserted claims in the section in the OSC complaint form for "improper personnel actions" resulting in the violation of a law, rule, or regulation that implements, or directly concerns, a merit system principle. IAF, Tab 11 at 108-10. However, the appellant did not identify a merit systems principle, nor any law, rule, or regulation implementing a merit systems principle, that the agency allegedly violated, and appears to have used this section to merely rehash her prior IRA appeal and arguments she made in other sections. *Id.* The appellant also repeated the remedies she sought in the section in the OSC complaint form for "other activities prohibited by statute," without asserting any new basis for relief. *Id.* at 110. Accordingly, we find it unnecessary to address her claims in these sections any further.

motivated the agency's failure to reinstate her MSC duties in February 2020. IAF, Tab 19, Initial Decision (ID) at 5-6.[3]

¶6       The appellant filed a petition for review in which, among other things, she requests a hearing, argues that the administrative judge "did not give [her] a chance to present the evidence . . . that formed the basis for [her] protected disclosures," Petition for Review (PFR) File, Tab 1 at 4, and claims that the administrative judge erred because the agency's failure to reinstate her MSC duties occurred not just in February 2020 but over a "fluid date," *id.* at 5. She also submits new evidence of allegedly protected disclosures or activity which she claims she was not aware of despite her due diligence when the record closed. *Id.* at 6-65. The agency filed a response. PFR File, Tab 3.

The appellant established jurisdiction over her claim that the agency failed to reinstate her MSC duties because of her protected disclosures or activity.

¶7       If an appellant has exhausted her administrative remedies before OSC, she can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the

---

[3] The administrative judge characterized the appellant's allegation as stating that, in retaliation for her protected disclosures, she "has not been allowed to perform the duties of her bid position and has not been reassigned, which contributed to a 3 of 5 rating on her 2021 performance appraisal." ID at 4. We do not read the appellant's statements in her OSC complaint regarding the agency's reassignment attempts and her performance rating as alleging separate retaliatory personnel actions or failures to take personnel actions but rather as details regarding the retaliatory personnel action she did allege—the agency's failure to assign her MSC duties. IAF, Tab 11 at 100-02.

fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Id.*

¶8 One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Id.*, ¶ 15; *see* 5 U.S.C. § 1221(e)(1). If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant. *Chambers*, 2022 MSPB 8, ¶ 15.

¶9 We find that the administrative judge erred in determining that the Board lacked jurisdiction over the appellant's appeal. We agree with the appellant's assertion on review that she alleged a continuing violation by the agency in its failure to reinstate her MSC duties over a "fluid date," which her OSC complaint and correspondence with OSC alleged occurred from February 4, 2020, through June 16, 2021. IAF, Tab 11 at 102, Tab 12 at 16. In other words, the appellant alleged a continuing failure to take a personnel action, namely a significant change in duties, responsibilities, or working conditions under 5 U.S.C. § 2302(a)(2)(A)(xii), that could theoretically have occurred because of protected disclosures or activity the appellant made or engaged in either before or after February 4, 2020.

¶10 We further find that the appellant made a nonfrivolous allegation of Board jurisdiction. In her OSC complaint, the appellant claimed both retaliation for whistleblowing and retaliation for protected activity, IAF, Tab 11 at 95, and

claimed that the "alleged retaliation," i.e., the agency's failure to reinstate her MSC duties, occurred because of, among other things, the fact of her prior IRA appeal, *id.* at 101. The appellant's prior IRA appeal is activity protected under 5 U.S.C. § 2302(b)(9)(A)(i), *Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 9 (2000), and its subject matter comports with the appellant's description of her protected activity in her OSC complaint, IAF, Tab 11 at 100-01; 0193 ID at 10. Further, two of the appellant's supervisors whom she alleges were responsible for the failure to restore her MSC duties testified at the hearing in her prior IRA appeal on February 10 and 12, 2020, 0193 IAF, Hearing Transcript, and were thus undeniably made aware of the fact of, if not the content of, the appellant's protected activity at a time close to when the appellant alleges the agency's retaliation began. The Board has held that a personnel action taken within approximately 1 to 2 years of an appellant's disclosures or activity satisfies the knowledge/timing test. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015). Accordingly, the appellant nonfrivolously alleged that she engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i) and that the protected activity was a contributing factor in the agency's decision to fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[4]

¶11      The appellant also established jurisdiction over her claim that the agency also failed to reinstate her MSC duties because of her July 2, 2020 email to an agency OIG official. IAF, Tab 11 at 8-9, 101. Under 5 U.S.C.

---

[4] Contrary to the administrative judge's statement that the appellant requested a hearing on appeal, ID at 1, the appellant requests a hearing for the first time in her January 13, 2022 petition for review, PFR File, Tab 1 at 4. She did not a request a hearing in her appeal form, IAF, Tab 1 at 2, and a September 28, 2021 acknowledgment order informed her that she had 10 days from the date of that order to request a hearing or she would otherwise waive her right to a hearing, IAF, Tab 2 at 1-2. Because the appellant has not shown good cause for her delay in requesting a hearing, she waived her right to one. *Nugent v. U.S. Postal Service*, 59 M.S.P.R. 444, 446-47 (1993) (finding that the appellant waived his right to a hearing when he failed to request one either on his appeal form or within the timeframe established by the administrative judge's order); 5 C.F.R. § 1201.24(e).

§ 2302(b)(9)(C), "cooperating with or disclosing information to the Inspector General . . . of an agency" is protected activity, irrespective of whether an individual had a reasonable belief that she was disclosing wrongdoing or the content of the information. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 62. The appellant's July 2, 2020 email disclosed information to the agency's OIG, including that she had previously "won" her prior IRA appeal and could not return to her MSC duties despite having been nominally reinstated to her position. IAF, Tab 11 at 8-9. Because the email was sent during the period in which the retaliation allegedly continuously occurred—February 4, 2020, through June 16, 2021—and the email was also addressed to one of the officials whom the appellant claims was responsible for the failure to restore her to her MSC duties, *id.* at 8, 103, the appellant satisfied the knowledge/timing test, and she therefore made a nonfrivolous allegation that the agency's failure to restore her to her MSC duties was also because of her July 2, 2020 email to OIG.

¶12    We find that Board jurisdiction does not extend to any of the appellant's additional claims of whistleblower reprisal. The only other purportedly protected disclosures or activities the appellant clearly identified in her OSC complaint and pleadings were her December 8, 2020 OSC complaint and July 2 and November 12, 2020 emails to Congress. *Id.* at 8, 10, 100-01; IAF, Tab 16 at 4. However, even if any of these communications constituted protected disclosures or activity, the appellant failed to nonfrivolously allege that any of the officials with authority to reinstate her MSC duties was aware of them—a requirement for satisfaction of the knowledge/timing test—and we discern nothing in the record that would establish a nonfrivolous allegation of the contributing factor requirement on other grounds.

¶13    We also considered the appellant's argument on review that the administrative judge failed to afford her the opportunity to present evidence regarding her protected disclosures, PFR File, Tab 1 at 4, and the exhibits she submits on review which she claims she was not aware of despite her due

diligence when the record closed because they were mixed with other emails in her possession and "were not label[ed] with the rest of [her] Congressional email traffic," *id.* at 6. The administrative judge provided the appellant a detailed notice regarding the requirements to establish Board jurisdiction over her IRA appeal and ordered her to file a statement, "accompanied by evidence," of facts that would establish jurisdiction, including a list of her protected disclosures or activities. IAF, Tab 4. Because the appellant failed to comply with this order, the administrative judge issued her a second order to file evidence and argument in support of Board jurisdiction. IAF, Tab 6. The appellant's argument that she lacked the opportunity to establish jurisdiction is therefore without merit. Finally, because the appellant's argument seeking to justify the untimely filing of the exhibits she submits on review, all of which significantly predate the filing of her appeal and have been in her possession and control, evidences her failure of due diligence, we decline to consider those exhibits. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see* 5 C.F.R. § 1201.115(d).

The appellant failed to establish jurisdiction over her claim that the agency failed to initiate discipline against her supervisors because of her protected disclosures or activity.

¶14    We find that the appellant failed to establish jurisdiction over her separate claim—which the initial decision did not address—that the agency failed to initiate disciplinary procedures under 38 U.S.C. § 731 against her supervisors responsible for the rescinded notice proposing her removal because of her protected disclosures or activity. The Board lacks jurisdiction over this claim because the statute authorizing IRA appeals for whistleblower reprisal claims only allows an employee to seek corrective action from the Board in an IRA appeal "with respect to any personnel action taken, or proposed to be taken, against such employee." 5 U.S.C. § 1221(a). The agency's failure to discipline other employees is not on its face a personnel action taken, or proposed to be

taken, against the appellant. Accordingly, the appellant failed to make a nonfrivolous allegation of Board jurisdiction over this claim.

## **ORDER**

¶15     For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.